HENRY M. KIDDER V. HARRIET MAYNARD ET AL.

FILED DECEMBER 6, 1905.   No. 14,010.

A new trial will not be granted merely to allow a party to offer newly discovered evidence on an issue already established in his favor, or on an immaterial issue.

ERROR to the district court for Dodge county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*Henry M. Kidder* and *Charles E. Abbott,* for plaintiff in error.

*F. W. Button, contra.*

ALBERT, C.

The plaintiff, an attorney at law, brought this suit to recover the reasonable value of services rendered, as he claims, at the instance and request of the defendants, in and about the revivor and collection of a judgment in another state. His claim includes the reasonable value of the services of a foreign attorney, whom he claims to have employed, with the defendant's knowledge and consent to assist in the matter. The defense to the claim is based on the theory that the defendants themselves employed the foreign attorney; that he performed all the services and had been paid in full by the defendants; that they had never employed the plaintiff, nor had he ever rendered any services in the matter. The plaintiff proved the reasonable value of his services, but offered no evidence of the reasonable value of the services of the foreign attorney. It is conclusively established, however, that the foreign attorney made a charge of $40 for his services and disbursements, and that the defendants had paid him in full. The court instructed the jury to the effect that, if they found that the plaintiff had been employed in the matter by the defendants, they should allow him the reasonable value of his services, and that, if they found that the plaintiff had employed the foreign attorney, with the knowledge and consent of the defendants, they should allow the plaintiff the reasonable value of the services of the foreign attorney, less whatever amount the defendants had paid the foreign attorney. No exception was taken to this or to any other portion of the charge to the jury. The jury found for the plaintiff and awarded him $6. Judgment was given accordingly. The plaintiff filed a motion for a new trial, based exclusively on the ground of newly discovered evidence. This motion was overruled, and that ruling presents the only question for review in this court.

The record shows that the newly discovered evidence tends to establish two propositions: First, that the de-

Kidder v. Maynard.

fendants employed the plaintiff; second, that he employed the foreign attorney with the knowledge and consent of the defendants. The first is already established by the general verdict, because, under the issues submitted, without a finding in plaintiff's favor on that proposition, a general verdict in his favor would be a logical impossibility. As to the second proposition which the newly discovered evidence tends to establish, it appears to be immaterial, in view of the evidence and the instructions of the court. Under the instructions, if the jury found in plaintiff's favor on that proposition, he was entitled to recover the reasonable value of the services of the foreign attorney, less whatever amount the defendants had paid such attorney. The evidence is undisputed that the defendants had paid the foreign attorney in full, consequently the plaintiff was entitled to nothing by reason of such services, however the jury found on that proposition, and how they found thereon is wholly immaterial to him. In short, the motion for a new trial amounts to a request for a new trial in order to give the plaintiff an opportunity to offer further proof on an issue already decided in his favor, and one that is wholly immaterial. Neither is good ground for a new trial, and the motion was properly overruled.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.